983 F.2d 1073
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Bobby L. PHILLIPS, Defendant-Appellant.
 No. 92-2018.
 United States Court of Appeals, Seventh Circuit.
 Argued Dec. 1, 1992.
Decided Dec. 14, 1992.
Rehearing Denied Jan 11, 1993.
 
 1
 Before BAUER, Chief Judge, POSNER, Circuit Judge and WILL, Senior District Judge*
 
 ORDER
 
 2
 In accordance with our decision issued from the bench on December 1, 1992, we affirm and adopt the district court order of April 10, 1992.
 
 
 3
 AFFIRMED.
 
 ATTACHMENT
 UNITED STATES DISTRICT COURT
 SOUTHERN DISTRICT OF INDIANA
 TERRE HAUTE DIVISION
 
 4
 UNITED STATES of America, Plaintiff,
 
 
 5
 v.
 
 
 6
 Bobby L. PHILLIPS, Defendant.
 
 
 7
 Cause No. TH 91-6-CR.
 
 ORDER
 
 8
 Defendant has filed two Motions to dismiss. The first urges that the superseding indictment be dismissed for prosecutorial vindictiveness. The original indictment charged the defendant with knowingly and unlawfully obtaining a prohibited object intended to be used as a weapon. After defendant had subpoenaed witnesses to testify in his behalf that he did not acquire the object, a knife, for use as a weapon, the Government filed a superseding indictment alleging simply that the defendant possessed a prohibited object. Defendant alleges that this action on the part of the prosecution was vindictive in the face of the obvious and newly volunteered truth that defendant did not obtain or possess the knife to be used as a weapon.
 
 
 9
 The second motion alleges that because the indictment was returned on March 20, 1991, and he was not brought before a Magistrate until April 24, 1991, the interceding 35 days should be charged to the Government for purposes of the speedy trial calculation under Title 18 U.S.C. § 3161(h)(1)(H). Further, the defendant alleges that because the alleged crime occurred February 28, 1990, and the defendant was not notified of the charge until April 24, 1991, the delay caused him substantial prejudice in that he has suffered an inability to gather the names of witnesses and interview them to assist in the preparation of his defense.
 
 
 10
 The allegation of prosecutorial vindictiveness is unfounded. There is nothing inherently vindictive in changing a charge prior to trial as was done in this case. The filing of a simple possession charge in lieu of a possession to use as a weapon as was done in this case represents a more accurate understanding of the facts that occurred on the date of the crime than does the original indictment. The prosecutor evidently believed the defendant's version of the event as defendant has recounted it at the plea hearing.
 
 
 11
 Defendant complains that once the prosecutor learned that there were witnesses available who would testify that there was no possession with the intent to use as a weapon, the prosecutor became concerned that the original charge could not be proved. Defendant urges that as a result any action other than a dismissal of the charge would be vindictive. United States v. Napue, 834 F.2d 1311, 1330 (7th Cir.1987) speaks directly to the prosecutor's discretion when new facts are discovered. "He or she needs broad discretion in the timing of the indictment and its contents, both of which depend on changing factors such as when the information becomes available to the prosecutor, how the prosecutor views the evidence, and how and when the prosecutor's theory of the case evolves."
 
 
 12
 This Court, having found no precedent to the contrary, now OVERRULES the defendant's motion to dismiss.
 
 
 13
 The second motion to dismiss is also OVERRULED. The delay that resulted from the failure to bring defendant before a Magistrate until 35 days after the indictment was filed is not chargeable to the prosecution under 18 U.S.C. § 3161. Section 3161 specifically provides as follows: "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or an indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(C)(1). The 35 days are thus clearly not to be included in the speedy trial computation.
 
 
 14
 The remaining claim of the defendant is that the delay in filing of the indictment of approximately 14 months caused defendant prejudice as the witnesses available for the defense at an earlier time were no longer available. To prevail on the claim of pre-indictment delay, the defendant must demonstrate actual, non-speculative prejudice. United States v. Rodgers, 722 F.2d 557 (9th Cir.1983), cert. denied 469 U.S. 835 (1984). In the matter before the Court at this time no such showing can be made.
 
 
 15
 Defendant has admitted that he had possessed the weapon which he was charged by the superseding indictment with possessing. The witnesses he wished to call were alleged by him to have evidence on the original indictment and not the superseding indictment. Any claim of prejudice, therefore, would involve the original indictment to which he has not pled guilty. The defendant's Motion to dismiss based upon the delay between the event which led to the filing of the charge and the date of the filing of the charge is OVERRULED.
 
 
 16
 For the above stated reasons the motions to dismiss of the defendant are OVERRULED.
 
 
 17
 IT IS SO ORDERED this 10th day of April, 1992.
 
 
 18
 ----------------LARRY J. McKINNEY, JUDGE
 
 
 19
 ----------------United States District Court
 
 
 20
 ----------------Southern District of Indiana
 
 Distribution to:
 
 21
 Sharon M. Jackson, Assistant United States Attorney
 
 OFFICE OF THE UNITED STATES ATTORNEY
 
 22
 Fifth Floor, United States District Courthouse
 
 46 East Ohio Street
 Indianapolis, Indiana 46204
 Joseph K. Etling
 Attorney-At-Law
 77 Cherry Street
 Terre Haute, Indiana 47807
 
 
 *
 Hon. Hubert L. Will, Senior Judge of the Northern District of Illinois, sitting by designation